UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA**

v.  Criminal No. 2:22cr113

**JAMES DION PALMER,**

  Defendant.

## OPINION & ORDER

On August 24, 2022, a grand jury indicted Defendant James Dion Palmer on two counts of failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a) and (b). ECF No. 1. Defendant waived trial by jury. ECF No. 38. The Court held a bench trial on January 29, 2026. ECF No. 47. Based on the parties' stipulations, ECF No. 42, as well as the exhibits and evidence adduced at trial, the Court finds Defendant **GUILTY** on Counts One and Two of the indictment.

### I. Count One

The Sex Offender Registration and Notification Act ("SORNA") imposes various requirements on persons previously convicted of sex-related offenses. In relevant part, SORNA requires "a tier III sex offender" to "appear in person" for registration verification at least "every 3 months." 34 U.S.C. §§ 20911(4), 20918.

A person violates 18 U.S.C. § 2250(a) if he (1) "is required to register under" SORNA; (2) "travels in interstate or foreign commerce"; and (3) "knowingly fails to register or update a registration as required by" SORNA. 18 U.S.C. § 2250(a); United States v. Kokinda, 146 F.4th 405, 415 (4th Cir. 2025). Here, the Government proved each of these elements beyond a reasonable doubt.[1]

First, it is stipulated that Defendant "at all times relevant to the indictment is and has been required to register under" SORNA "as a 'Tier III' offender, with in-person re-registrations required at least every three months." ECF No. 42 ("Stip.") ¶ 1.

Second, the parties agree that Defendant traveled in both interstate and foreign commerce. On February 28, 2021, Defendant "was tracked . . . leaving Virginia and arriving in California." Id. ¶ 3. Then, on March 3, 2021, he "traveled from California to the state of Washington." Id. ¶ 4. Later, on November 16, 2021, "Virginia State Police were notified by Canadian Border Patrol that [Defendant] was found in Vancouver, Canada." Id. ¶ 8.

---

[1] Defendant agreed to stipulations of fact, ECF No. 42, and stipulated exhibits, see ECF No. 46, which the Court admitted following a colloquy with Defendant to confirm that such stipulations were knowingly, intelligently, and voluntarily made. The Court heard trial testimony from two Government witnesses: Defendant's former probation officer and the Deputy United States Marshal who investigated the offenses charged in this case. See ECF No. 44. At the outset of trial, both parties declined to request any specific findings of fact, and neither party has since made such a request. The Court summarizes relevant facts only in order to explain its verdict.

2

Third, it is undisputed that Defendant "failed to update his registration as a sex offender or to register as a sex offender after February 18, 2021[,] and before October 31, 2021" – a period greater than three months – "in Virginia, California, the state of Washington, and Canada." Id. ¶ 2.

Defendant contests only "whether [he] knowingly failed to register as required by SORNA." ECF No. 42, at 1. However, the stipulations and other evidence prove such a knowing failure beyond a reasonable doubt. Notably, it is stipulated that Defendant "knew that he was required to register as a sex offender under SORNA at all times relevant to the indictment," as well as "prior to . . . and following times relevant to the indictment." Stip. ¶ 9. Indeed, "on numerous occasions," Defendant "signed a standard form" on which he acknowledged his registration obligation. Id. The parties further agreed that Defendant "knew how to register as a sex offender in Virginia even when facing housing difficulties" and "even when he was incarcerated." Id. ¶¶ 10-11.

Defendant's probation officer credibly testified that Defendant seemed to be functioning well, including taking his medications, prior to absconding. As has been stipulated, "[t]here is no evidence of uncontrollable circumstances preventing [Defendant] from complying with his registration requirements under SORNA." Id. ¶ 13.

Furthermore, after Defendant traveled to California, the probation officer spoke with him via his GPS monitoring unit. Id. ¶ 5. Defendant also used a cellular phone to call the probation officer during March 2021. According to the probation officer's trial testimony and the stipulated facts, the probation officer used these contacts to advise Defendant to go to a local police station in order to satisfy his registration obligations. See Stip. ¶ 5 ("Probation Officer Newton encouraged [Defendant] to go to a law enforcement location and register as a sex offender.").

In light of the foregoing, the Court is convinced beyond a reasonable doubt that Defendant committed the violation of 18 U.S.C. § 2250(a) alleged in the indictment. Accordingly, the Court finds Defendant **GUILTY** on Count One of the indictment.

## II. Count Two

SORNA also obligates a sex offender to provide detailed "[i]nformation relating to intended travel . . . outside the United States, including any anticipated dates and places of departure, arrival, or return, carrier and flight numbers for air travel, destination country and address or other contact information therein, [and] means and purpose of travel." 34 U.S.C. § 20914(a)(7).

A person violates 18 U.S.C. § 2250(b) if he (1) "is required to register under" SORNA; (2) "knowingly fails to provide information required by [SORNA] relating to intended travel in

4

foreign commerce; and (3) engages or attempts to engage in the intended travel in foreign commerce." 18 U.S.C. § 2250(b); Nichols v. United States, 578 U.S. 104, 112 (2016) (observing that, although 18 U.S.C. § 2250(a) did not criminalize a sex offender's failure to update his registration upon moving abroad, Congress had criminalized such conduct by enacting § 2250(b)). Here again, the Government proved each of these elements beyond a reasonable doubt.

First, as already noted, Defendant "at all times relevant to the indictment is and has been required to register under" SORNA "as a 'Tier III' offender." Stip. ¶ 1.

Second, before leaving Virginia on February 28, 2021, Defendant "had not disclosed his travel plans or received permission to travel, which he knew he was required to do because of his conviction and continuing obligations as a sex offender." Id. ¶ 3. And after early March 2021, Defendant did not "see or speak to" his probation officer again. Id. ¶ 7. The probation officer testified that Defendant never gave notification of any of his travel plans between March and October 2021, and that the officer never approved any international travel by Defendant.

Third, "[o]n November 16, 2021, Virginia State Police were notified by Canadian Border Patrol that [Defendant] was found in Vancouver, Canada, which necessarily means that [Defendant] traveled internationally." Id. ¶ 8. According to the

5

uncontroverted trial testimony of the investigating Deputy Marshal, the precise means of Defendant's travel into Canada were unknown even to the Canadian authorities, who had no record of Defendant entering at any authorized port of entry.

Defendant contests only whether he "<u>knowingly</u> failed to provide information required by SORNA related to intended travel in foreign commerce." ECF No. 42, at 1. However, the stipulations and other evidence once more prove such a knowing failure beyond a reasonable doubt.

Defendant specifically stipulated that "he knew he was required to" "disclose[] his travel plans" and "receive[] permission to travel." Stip. ¶ 3. Furthermore, Defendant stipulated that, "[o]n October 31, 2021, [he] submitted sex offender change-of-address-of-supervision documents to the Virginia State Police," which included the following statement:

> Pursuant to [SORNA], a registrant is required to provide their residence jurisdiction with travel document notification including passport, immigration visa numbers, and if and when you travel or relocate out of state or country. You must also update the Department of State Police with a travel itinerary of any intended travel outside of the U.S. at least 21 days prior to that travel. Failure to do so may result in federal prosecution.

<u>Id.</u> ¶ 6. A materially identical statement appears in other documents signed by Defendant in 2020 and early 2021, months prior to his international travel. Government Exhibits 311-16; Stip. ¶¶ 9, 14; <u>see also, e.g.</u>, Government Exhibit 311, at 8 (instructing

6

Defendant that his signature would "certify [he] ha[d] <u>READ</u> or <u>HAD</u> this 'Disclosure' <u>READ</u> to [him] and fully underst[oo]d the requirements").

In light of the foregoing, the Court is convinced beyond a reasonable doubt that Defendant committed the violation of 18 U.S.C. § 2250(b) alleged in the indictment. Accordingly, the Court finds Defendant **GUILTY** on Count Two of the indictment.

### III. CONCLUSION

For these reasons, the Court finds Defendant **GUILTY** on Counts One and Two of the indictment. A sentencing procedures order shall issue. The Clerk is **REQUESTED** to send a copy of this Opinion & Order to counsel for Defendant, to the United States Attorney's Office in Norfolk, Virginia, to the United States Marshals Service, and to the United States Probation Office of this Court.

**IT IS SO ORDERED.**

/s/ *[signature]*
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 3, 2026